UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARTIN J. WALSH,**<br>Secretary of Labor,<br>United States Department of Labor,<br><br>        Plaintiff,<br><br>        v.<br><br>**CLASSIC CLEANING, INC.,**<br>**an Illinois corporation,**<br>**d/b/a CLASSIC CLEANING**<br>and **PETRA CROWDER,** individually.<br><br>        Defendants. | Civil Action No.: 1:22-cv-1191<br><br>Judge:<br><br>Magistrate Judge: |

# COMPLAINT

Pursuant to Section 217 of the Fair Labor Standards Act, of 1938, as amended (29 U.S.C. § 201 *et seq.*) ("FLSA"), Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Secretary"), brings this action to enjoin and restrain the defendants CLASSIC CLEANING, INC., d/b/a/ Classic Cleaning ("Classic Cleaning") and PETRA CROWDER, individually, (collectively, "Defendants") from violating Sections 207, 211, 215(a)(2) and/or 215(a)(5) of the FLSA and to recover unpaid compensation, plus an equal amount in liquidated damages pursuant to Section 216(c) of the Act (29 U.S.C. § 216(c)) for Defendants' employees.

## Jurisdiction and Venue

1. This Court has jurisdiction of this case. 29 U.S.C. §§ 216(c), 217 and 28 U.S.C. § 1345.

2. This Court is the proper venue because all or a substantial part of the events or omissions giving rise to these allegations occurred in this judicial district.

1

**Defendants**

3. Defendant, CLASSIC CLEANING, an Illinois corporation, conducts business within this Court's jurisdiction with its office at 4915 Kings Way West, Gurnee, Illinois 60031.

4. CLASSIC CLEANING is a residential cleaning company, which employs workers to clean clients' homes.

5. Defendant CROWDER has actively managed and supervised CLASSIC CLEANING'S operations and its employees.

   a. CROWDER has hired workers.

   b. CROWDER has set work schedules.

   c. CROWDER has set employees' pay rates.

6. CROWDER has acted directly or indirectly in CLASSIC CLEANING'S interests with respect to its employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

7. Defendants engaged in business within Lake County, within this Court's jurisdiction.

8. The FLSA applies to Defendants. CLASSIC CLEANING is an "enterprise" under the FLSA due to its related activities performed through unified operation or common control and for a common business purpose. 29 U.S.C. § 203(r).

9. CLASSIC CLEANING is an "enterprise engaged in commerce" under the FLSA, because it has (i) two or more employees who are engaged in or produced goods for commerce; and (ii) an annual gross volume of sales made or business done greater than $500,000. 29 U.S.C. § 203(s)(1)(A).

10. CLASSIC CLEANING employs domestic service employees who provide

cleaning services in households, which affect interstate commerce under the FLSA. 29 U.S.C. § 202(a).

## FLSA Violations

### *Overtime Violations*

11. Defendants repeatedly and willfully violated the provisions of Sections 207 and 215(a)(2) of the FLSA when they failed to pay their employees one-and-a-half times their regular rates for hours worked in excess of 40 in a workweek.

12. Defendants paid employees their regular rates for hours worked in excess of 40 in a workweek.

13. Defendants paid some employees, in cash, for hours worked in excess of 40 in a workweek.

14. Defendants failed to properly count and pay employees for all hours worked.

15. Defendants only paid their employees from the time employees arrived at the first cleaning job until the time the employees finished the last cleaning job.

16. Defendants failed to pay employees for time spent at Defendants' office on Monday mornings before their first cleaning jobs.

    a. Defendant CROWDER ran her business out of her home ("Defendants' office").

    b. Defendants required all employees to report to Defendants' office Monday mornings at 8:00 a.m.

    c. Defendants required all employees to listen to announcements and wait in line to obtain their weekly assignments and work schedule and cleaning supplies, when they were assigned new client homes, before traveling to the first cleaning job.

17. Defendants failed to pay employees for travel time from Defendants' office to their first cleaning jobs on Monday mornings.

18. Employees arrived at the first cleaning job, typically, at or around 9:00 a.m. on Mondays.

19. Defendants failed to pay driver-employees for travel time from driver-employees' last cleaning job to Defendants' office Friday evenings.

20. Defendants failed to pay driver-employees for time spent at Defendant CROWDER's office on Friday evenings, after their last cleaning job.

   a. Defendants required driver-employees to deliver the week's client payments to Defendants' office Friday evenings.

   b. Driver-employees waited while Defendant CROWDER counted client payments, added the receipts, and calculated employees' tips earned during the week, if any, and paid said tips in cash.

   c. Defendant CROWDER also distributed employees' pay checks from the previous week.

21. Defendants failed to pay their driver-employees from the time driver-employees completed the last cleaning job to the time driver-employees reported to Defendants' office and waited in line on Friday evenings.

*Record Keeping Violations*

22. Defendants repeatedly and willfully violated Sections 211 and 215(a)(5) of the FLSA when they failed to keep complete and accurate records. 29 U.S.C. §§ 211, 215(a)(5), 29

4

C.F.R. Part 516.

23. Defendants did not keep accurate time and attendance records.

   a. Defendants' time records recorded the number of houses cleaned on a daily basis and the number of hours allotted per job.

   b. Defendants did not maintain any records of the actual number of hours worked each workday and/or each workweek by employees.

   c. Defendants' time records did not record employees' actual start and stop times.

   d. Defendants' records did not record the start time for employees when they reported to Defendants' office on Monday mornings.

   e. In the case of driver-employees, Defendants' records did not record the end time for the driver-employees when they reported to Defendants' office on Friday evenings.

24. Defendants did not keep accurate pay records.

   a. Defendants paid some employees, in cash, for hours over 40 per week with no records of the cash payments.

   b. Defendants' pay records did not record the dates, amounts, and nature of additions to (or deductions from) wages paid each pay period in that they did not record gasoline reimbursements to driver-employees.

### Remedies Sought

25. As a result of their FLSA violations, Defendants owe the employees listed in Exhibit A back wages and liquidated damages, under 29 U.S.C. §§ 216(c), 217. If Defendants continued to violate the FLSA after the investigation, then Defendants may owe additional back wages and liquidated damages to employees.

26. Defendants may also owe additional back wages and liquidated damages to their employees whose identities the Secretary does not currently know.

27. Moreover, Defendants repeatedly and willfully violated Sections 207, 211, 215(a)(2) and/or 215(a)(5) of the FLSA, because Defendants knew or showed reckless disregard for whether the FLSA prohibited their conduct.

28. Wage and Hour conducted a prior FLSA investigation of Defendants for the period from January 3, 2016 through December 30, 2018.

29. The prior investigation found employees were owed unpaid overtime compensation due to Defendants' practice of paying hours worked in excess of 40 in a workweek at regular rates of pay.

30. The prior investigation also found record-keeping violations in that Defendants failed to keep accurate records of hours worked, instead paying a flat fee per house cleaned.

31. At the final conference on March 18, 2019, Defendants were advised that their pay and record keeping practices did not comply with the FLSA.

    a. Defendants were also provided 12 publications including Overtime Pay Requirements Fact Sheet (FS 023); Overtime Compensation Regulations (WH 1262); FLSA Hours Worked Regulations (WH 1312); FLSA Recordkeeping Requirements Fact Sheet (FS 021); and FLSA Recordkeeping Regulations (WH 1261).

    b. Defendant CROWDER indicated she would correct the issues by paying employees one-and-a-half times their regular rates for hours worked in excess of 40 in a workweek; keeping accurate records of hours worked; and continuing to comply with the FLSA in the future.

32. Defendant CROWDER agreed to pay back wages directly to 19 employees.

33. Because Defendants repeatedly and willfully violated the FLSA, the Secretary is entitled to recover back wages and liquidated damages for a three-year period. 29 U.S.C. § 255(a).

### Prayer for Relief

As a result of Defendants' repeated and willful FLSA violations since January 6, 2019, the Secretary respectfully requests this Court enter an Order:

A. Permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those in active concert or participation with them, from violating Sections 207, 211, 215(a)(2) and/or 215(a)(5) and of the FLSA. 29 U.S.C. § 217(a).

B. Finding Defendants liable for unpaid overtime wages, plus an equal amount in liquidated damages, owing to the employees listed in Exhibit A, as well as to other of Defendants' employees not yet known to the Secretary. 29 U.S.C. § 216(c).

C. If the Court declines to award liquidated damages, then enjoining and restraining Defendants, their officers, agents, If the Court declines to award liquidated damages, then enjoining and restraining Defendants, their officers, agents, employees, and those persons in active concert or participationwith Defendants, from withholding unpaid compensation found owing to Defendants' employees, plus prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury under 26 U.S.C. § 6621.

D. For an Order granting such other and further relief as may be necessary and appropriate.

E. Awarding costs and granting such other and further relief as may be necessary and appropriate.

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

/s/ Barbara M. Villalobos

**BARBARA M. VILLALOBOS**
U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street,
Suite 844
Chicago, IL 60604
T: (312) 353-1168
Villalobos.Barbara@DOL.gov
IL. Bar # 6230454

*Attorneys for Plaintiff Martin J. Walsh,*
*Secretary of Labor,*
*United States Department of Labor*

**EXHIBIT A**

1. Teresa Adamas
2. Beatriz Arriola
3. Maria Ayala Vázquez
4. Fabiola Caballero
5. Pastora Calaya
6. Maria Navarrete Cárdenas
7. Maria Isabel Garcia
8. Mariellys Garcia
9. Maria Gonzalez
10. Rosario Gonzalez
11. Maria de la Luz Hernandez
12. Soledad Hernandez
13. Verónica Jiménez
14. Lizbeth Bustos Ledesma
15. Julia Mendoza
16. Mariela Miranda
17. Marlet Orduno
18. Jerónima Porras
19. Cynthia Ruiz
20. Maria-Malena Ruiz
21. Gisela Tinajero
22. Maria Del Carmen Tinajero
23. Maricela Lucero Valle
24. Claudia Vázques
25. Alma I. Zepeda
26. Blanca E Zepeda-Valdovinos
27. Grecia Jimenez